UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JEROME HOWELL,

              Petitioner,

-against-

BRAIN FISHER, Superintendent
Sing Sing Correctional Facility,

              Respondent
------------------------------------------------------------X

**MEMORANDUM and ORDER**

05-cv-5216 (SLT)(RLM)

**TOWNES, United States District Judge:**

In June 2000, Jerome Howell ("Petitioner") was convicted in the Supreme Court of the State of New York, Kings County, of murder in the second degree. In 2005, after exhausting his direct appeal, Petitioner filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. That petition, which initially raised a single issue relating to the court's charge on the causation element of the second-degree murder charge, was subsequently amended to allege only ineffective assistance of trial and appellate counsel. This Court denied Petitioner's amended petition for habeas relief.

Petitioner now seeks reconsideration of this Court's denial of his petition for habeas relief pursuant to Fed. R. Civ. P. 60(b). Petitioner contends that he mistakenly believed the amended habeas petition to be a supplemental submission and, thus, inadvertently failed to restate the initial issue regarding the trial court's jury charge. For the reasons set forth below, the instant motion for reconsideration is granted, but habeas relief is again denied.

## BACKGROUND

Petitioner was convicted after a jury trial in the Supreme Court of the State of New York, Kings County, of murder in the second degree in connection with the shooting death of one

Kenneth Baker. On June 1, 2000, Petitioner was sentenced to an indeterminate term of twenty-five years to life imprisonment. On October 12, 2004, the Appellate Division affirmed Petitioner's judgment of conviction. *People v. Howell*, 782 N.Y.S.2d 642 (N.Y. App. Div. 2004). On December 8, 2004, the New York State Court of Appeals denied Petitioner's application for leave to appeal further. *People v. Howell*, 790 N.Y.S.2d 657 (N.Y. 2004).

On November 7, 2005, Petitioner filed a petition for a writ of habeas corpus (the "Petition"), claiming that the trial court's jury instructions deprived Petitioner of a fair trial. Petition, ¶ 12. Specifically, Petitioner argued that the trial judge committed a "structural error" when he failed to charge that the jury had to find beyond a reasonable doubt that Petitioner's actions caused the victim's death. *Id.* On March 8, 2006, Respondent filed his opposition to Petitioner's Petition, Affidavit in Opposition to Petition for a Writ of Habeas Corpus, advancing three arguments. First, Respondent argued that Petitioner's defective jury charge claim was procedurally barred because the state court denied the claim on an adequate and independent state ground. *Id.* at 2. Second, Respondent argued that Petitioner's claim was meritless "because the contested charge, when read in its entirety, was complete and correctly defined all of the elements of second-degree intentional murder." *Id.* Finally, Respondent argued that any alleged error in the court's jury charge was harmless in light of the overwhelming evidence of Petitioner's guilt. *Id.*

On August 23, 2007, this Court granted Petitioner's request to amend his Petition to include ineffective assistance of trial counsel and ineffective assistance of appellate counsel claims. *Howell v. Fisher*, No. 05-5216, slip op. at 1, (E.D.N.Y. Aug. 23, 2007). On August 31, 2007, Petitioner filed an amended petition (the "Amended Petition"), raising two grounds for relief. First, Petitioner argued that he "was deprived [of] effective assistance of appellate counsel

on direct appeal [by] appellate counsel's failure to object to the court's charge to the jury." Amended Petition, at 6. Second, Petitioner asserted that he had been denied "the right to be represented by effective assistance of trial counsel[], as required by the Strickland standard guaranteed under the Sixth and Fourteen Amendments." *Id.* at 7. The Amended Petition made no mention of the sole ground raised in the original Petition: that the trial court's defective jury instructions deprived Petitioner of a fair trial.

In a Memorandum and Order dated July 2, 2007, this Court denied Petitioner's habeas corpus Petition. Finding that Petitioner made no substantial showing of denial of a constitutional right, the Court denied him a certificate of appealability. *Howell v. Fisher*, No. 05-5216, 2009 WL 1953394, at *24 (E.D.N.Y. July 7, 2009). In a mandate issued December 11, 2009, the Second Circuit Court of Appeals denied Petitioner's *pro se* motion for a certificate of appealability and leave to proceed in *forma pauperis*, and dismissed his appeal.

On March 22, 2010, Petitioner, proceeding *pro se*, filed the instant motion for reconsideration pursuant to Fed.R.Civ.P. 60(b), seeking relief from this Court's final judgment and order. *See* Petitioner's Motion for Relief from a Final Judgment or Order. In his motion, Petitioner argues that he mistakenly believed the "Amended Petition" to be a supplemental submission and, therefore, included only the new ineffective assistance of trial counsel and ineffective assistance of appellate counsel issues in his Amended Petition. His defective jury charge claim was inadvertently omitted from the Amended Petition. *Id.* at 4. Accordingly, Petitioner requests that this Court reconsider its denial of habeas relief and address Petitioner's original defective jury charge claim.

## DISCUSSION

### I. *Standard of Review*

Petitioner brings his claims pursuant to Rule 60(b), subsections (1) and (6). Subsection (1) states that parties can be relieved from final judgment for the reasons of "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). "The relief sought pursuant to Rule 60(b)(1) is addressed to mistake, inadvertence, surprise, or excusable neglect in connection with the habeas proceeding and not the trial at which the habeas proceeding is aimed." *Stantini v. United States*, 268 F. Supp. 2d 168, 178 (E.D.N.Y. 2003). Subsection (b)(6) provides relief "for any other reason" and is available only under "extraordinary circumstances" or "extreme hardship." *See Harris v. United States*, 367 F.3d 74, 80 (2d Cir. 2004).

Although a motion for reconsideration is "addressed to the sound discretion of the district court," Rule 60(b) "allows extraordinary judicial relief" and "is invoked only upon a showing of exceptional circumstances." *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986). Accordingly, "[t]he standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (citing cases). "A motion for reconsideration may not be used to advance new facts, issues or arguments not previously presented to the court, nor may it be used as a vehicle for relitigating issues already decided by the court." *Grand Crossing, L.P. v. U.S. Underwriters Ins. Co.*, No. 03-5429, 2008 WL 4525400, at *3 (S.D.N.Y. Oct. 6, 2008) (quoting *Davidson v. Scully*, 172 F. Supp. 2d 458, 462 (S.D.N.Y. 2001)). In habeas proceedings, relief under Rule 60(b) is available "only when the

Rule 60(b) motion attacks the integrity of the habeas proceeding and not the underlying criminal conviction." *Harris*, 367 F.3d at 77.

### *II. Application of Rule 60(b)*

In this case, this Court did not overlook Petitioner's argument that he was denied a fair trial when the trial court failed to charge the jury on the causation element of intentional murder. Indeed, this Court specifically noted that "[t]he Amended Petition made no mention of the sole ground raised in the original Petition." *Howell v. Fisher*, No. 05-5216, 2009 WL 1953394, at *13 (E.D.N.Y. July 7, 2009). However, this Court assumed, *sub silencio*, that Petitioner, after reviewing respondent's opposition to that argument, had intentionally omitted it.

In his motion for reconsideration, Petitioner states that he mistakenly believed the "Amended Petition" to be a supplemental submission and, therefore, included only the new issues in his Amended Petition. In light of Petitioner's *pro se* status, and in light of the complexity of federal habeas procedures, this Court credits Petitioner's claim that his omission of the jury charge ground was inadvertent – a mistake borne of a failure to appreciate the subtle difference between an amended pleading and a supplemental submission. While this Court does not understand why Petitioner waited until after the Second Circuit dismissed his appeal before filing this motion, this Court notes that Petitioner's motion for reconsideration is nonetheless timely. Accordingly, this Court will grant reconsideration. However, for the reasons stated below, this Court finds Petitioner's jury charge ground to be procedurally barred and, in any event, entirely without merit.

### *III. Petitioner's Defective Jury Charge Claim is Procedurally Barred*

Federal courts will not review challenges to state court convictions that rest on a state law ground that is independent of the federal question and adequate to support the judgment, "unless

5

the petitioner 'can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.'" *Acosta v. Artuz*, 575 F.3d 177, 184 (2d Cir. 2009) (quoting *Coleman v. Thompson*, 501 U.S. 722, 750 (1991)).[1] "However, the state law ground is only adequate to support the judgment and foreclose review of a federal claim if it is 'firmly established and regularly followed' in the state." *Garvey v. Duncan*, 485 F.3d 709, 713 (2d Cir. 2007) (quoting *Lee v. Kemna*, 534 U.S. 362, 376 (2002)). To ascertain whether the state rule at issue is "firmly established and regularly followed," federal courts look at the statute and case law construing it. *Garvey*, 485 F.3d at 714.

Under New York State's contemporaneous rule, in order to preserve a claim challenging a court's ruling or instruction for appellate review, a party must register a protest "at the time of such ruling . . . or at any subsequent time when the court had an opportunity of effectively changing the same."[2] N.Y. Crim. Proc. L. § 470.05(2); *see also People v. Lopez*, 71 N.Y.2d 662, 665 (N.Y. 1988). The purpose of this rule is "to apprise the trial judge and the prosecutor of the nature and scope of the matter defendant contests, so it may be dealt with at that time." *Garvey*, 485 F.3d at 714. Federal courts have recognized the "contemporaneous objection requirement" as "a firmly established independent and adequate state procedural bar." *Gomez v. Brown*, 655

---

[1] To prove cause a petitioner must "show that 'some objective factor external to the defense impeded counsel's efforts' to raise the claim in state court." *McCleskey v. Zant*, 499 U.S. 467, 493 (1991) (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986)). To prove prejudice a petitioner must demonstrate that there is a "reasonable probability" that, but for the constitutional violation that is the subject of the defaulted claim, the outcome of the relevant proceeding would have been different. *See Strickler v. Greene*, 527 U.S. 263, 289 (1999). Alternatively, the petitioner can show that a failure to consider the claim will result in a fundamental miscarriage of justice." *Gomez v. Brown*, 655 F. Supp. 2d 332, 344 (S.D.N.Y. 2009). In any event, the Supreme Court has emphasized that this exception must be "'rare' and be applied only in the 'extraordinary case.'" *Schlup v. Delo*, 513 U.S. 298, 299 (1995).

[2] Under New York law, a claim is also preserved for appellate review when the trial court makes an express ruling with regard to that claim. *See Garvey*, 485 F.3d at 714.

F. Supp. 2d 332, 355 (S.D.N.Y. 2009) (citing *Garcia v. Lewis*, 188 F.3d 71, 79 (2d Cir. 1999) ("[W]e have observed and deferred to New York's consistent application of its contemporaneous objection rules.")).

"A state court procedural default will bar habeas review when 'the last state court rendering a judgment in the case clearly and expressly states that its judgment rests on a state procedural bar.'" *Green v. Travis*, 414 F.3d 288, 294 (2d Cir. 2005) (quoting *Glenn v. Bartlett*, 98 F.3d 721, 724 (2d Cir. 1996)). Moreover, "federal habeas review is foreclosed when a state court has expressly relied on a procedural default as an independent and adequate state ground, even where the state court has also ruled in the alternative on the merits of the federal claim." *Glenn*, 98 F.3d at 724. Accordingly, "even when a state court says that a claim is 'not preserved for appellate review' but then rules 'in any event' on the merits, such a claim is procedurally defaulted." *Travis*, 414 F.3d at 294 (citing *Glenn*, 98 F.3d at 725).

In this case, the Appellate Division found that "the defendant failed to preserve his contention that the Supreme Court gave an insufficient jury charge with respect to murder in the second degree." *Howell*, 782 N.Y.S.2d at 642. While the Appellate Division then proceeded to rule "in any event on the merits," Petitioner's jury charge is, nonetheless, procedurally defaulted. *Travis*, 414 F.3d at 294. Petitioner made no attempt to establish cause or prejudice that would excuse him from the effect of his procedural default. Indeed, although Petitioner amended his Petition to allege insufficient assistance of trial counsel, Petitioner never cited trial counsel's failure to object to the jury charge as an instance of ineffective assistance. Accordingly, there is no evidence to "show that some objective factor external to the defense impeded counsel's efforts to raise the claim in state court." *McCleskey*, 499 U.S. at 493. Additionally, Petitioner cannot demonstrate that there is a "reasonable probability" that, but for the alleged defective jury

charge, the outcome of the case would have been different. *See Strickler v. Greene*, 527 U.S. 263, 289 (1999). Nor can he show that a failure to consider the claim will result in a fundamental miscarriage of justice. *Gomez*, 655 F. Supp. 2d at 344. Accordingly, the Court finds that Petitioner's jury charge ground is procedurally barred from habeas review.

### *IV. Petitioner's Defective Jury Charge Claim is Meritless*

In any event, Petitioner's jury charge ground is meritless. "To be cognizable on habeas, a challenge to a jury charge must show not only that it is erroneous, but that it violates a federal right." *Gonzalez v. Cunningham*, 670 F. Supp. 2d 254, 263 (S.D.N.Y. 2009) (citing *United States ex rel. Smith v. Montanye*, 505 F.2d 1355, 1359 (2d Cir. 1974)). For an erroneous jury charge to violate a federal right, "it must be established not merely that the instruction is undesirable or even 'universally condemned,' but that it violated some right which was guaranteed to the defendant by the Fourteenth Amendment." *Davis v. Strack*, 270 F.3d 111, 123 (2d Cir. 2001) (internal quotation and citation omitted). Thus, "the relevant inquiry is not whether the trial court gave a faulty instruction, but whether the faulty instruction 'so infected the entire trial that the resulting conviction violates due process.'" *Gonzalez*, 670 F. Supp. 2d at 263 (quoting *Blazic v. Henderson*, 900 F.2d 534, 541 (2d Cir. 1990)). When federal courts review a claim of an erroneous jury charge, "a single instruction to a jury may not be judged in artificial isolation, but must be viewed in the context of the overall charge." *United States v. Locascio*, 6 F.3d 924, 942 (2d Cir. 1993). Thus, "an allegedly erroneous jury instruction will form the basis for issuance of a writ of habeas corpus only if the instruction, when viewed in the context of the entire trial, was so unfair as to deprive defendant of a fundamentally fair trial." *Carroll v. Hoke*, 695 F. Supp. 1435, 1437 (E.D.N.Y. 1988).

In the case at hand, the jury charge, as a whole, adequately conveyed to the jury all of the elements of murder in the second degree. Specifically, the court's extensive reasonable doubt instruction, and its complete and accurate recitation of the elements of second-degree intentional murder, when considered together, successfully conveyed to the jury the correct standard to apply when determining Petitioner's guilt or innocence. Accordingly, the challenged charge did not deprive the Petitioner of a fundamentally fair trial.

Even if this Court had found that the trial court's jury charge was erroneous, any such error would have been deemed harmless in light of the overwhelming evidence against Petitioner. *United States v. Scaretta*, No. 96-1189, 1997 U.S. App. LEXIS 2696, at *16 (2d Cir. Feb. 12, 1997). In addition to Petitioner's own confession, the People presented four witnesses who saw the shooting and identified Petitioner as the person who repeatedly shot the victim. Additionally, the People presented expert testimony from a medical examiner and a surgeon who had treated the victim, both of whom concluded that multiple gunshots caused the victim's death. Considering this overwhelming evidence, there is no doubt of Petitioner's guilt and any alleged error in the trial court's jury instructions would be harmless.

## CONCLUSION

For the reasons stated above, Petitioner's motion for reconsideration on the ground that this Court overlooked his defective jury charge claim is granted. However, because that claim is procedurally barred and, in any event, without merit, Petitioner's application for a writ of habeas corpus is, nonetheless, denied. Since Petitioner has not made a substantial showing of the denial of a constitutional right, no certificate of appealability is granted. *See* 28 U.S.C. § 2253(c)(2).

**SO ORDERED.**

Dated: April 21, 2010
Brooklyn, New York

Sandra L. Townes
United States District Judge